UNITED STATES DISTRICT COURT  INDEX NO. 17 CV_____
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SALON PHOENIX CORP.,

                            Plaintiff,

         **-against-**                      **COMPLAINT**

PHOENIX HAIR SALON, INC.,

                            Defendant.
-------------------------------------------------------------------X

        Plaintiff SALON PHOENIX CORP., by and through its attorneys, MICHAEL T. CARR, ESQ., PLLC as and for its Complaint against the Defendants, sets forth and alleges as follows:

1.      This action is commenced pursuant to under 15 USC 1117, for common-law trademark infringement.

## THE PARTIES

2.      During all times mentioned hereinafter, Plaintiff SALON PHOENIX CORP. was and is a domestic limited liability company duly formed by virtue of the laws of the State of New York, with a principal place of business located at 2205 Avenue U, Brooklyn, New York 11229.

3.      Upon information and belief, during all times mentioned hereinafter, Defendant PHOENIX HAIR SALON, INC., is and was a domestic corporation with a principal place of business located at 2610 Avenue U, Brooklyn, New York 11229.

## JURISDICTION & VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because

those claims are related to the Plaintiff's federal claims and form part of the same case or controversy.

5. Venue herein is proper under 28 U.S.C. §1391 as the Plaintiff is a resident of the Eastern District by virtue of the fact that the Plaintiff and Defendant both have a principal place of business in Brooklyn, New York.

## BACKGROUND FACTS

6. James D. Mirrione is the owner of Plaintiff SALON PHOENIX CORP. d/b/a Salon Phoenix, a business corporation duly formed and existing by virtue of the laws of the State of New York.

7. In or about January 2014, James D. Mirrione opened a business named, "Salon Phoenix" in the storefront located 2205 Avenue U, Brooklyn, New York 11229. Salon Phoenix is a full-service hair salon.

8. James D. Mirrione formed SALON PHOENIX CORP. on April 7, 2014, with the sole purpose of making Salon Phoenix a corporation for business purposes.

9. Since January 2014, Salon Phoenix has been open five (5) days a week offering services including but not limited to, haircuts, hairstyling, hair coloring, manicures, pedicures, facials, and waxing.

10. Since January 2014, Salon Phoenix has been using the name "Salon Phoenix" by advertising with the name in various medium including but not limited, email lists, social media, fundraises, promotional/discount cards, and adding physical signs on the building.

11. In or about March 2017, James D. Mirrione became aware that another hair salon had opened at 2610 Avenue U, Brooklyn, New York 11229 using the name "Phoenix Hair Salon." This is location is on the same avenue as Salon Phoenix and is only three (3) short blocks away. To walk between both stores would take approximately two (2) minutes at a standard pace.

12. Upon information and belief, Defendant filed with the New York Department of State to become incorporated in or about February 17, 2017.

13. In or about April 2017, through its attorneys at the time, Scott G. Cerbin, Esq., PLLC, Salon Phoenix sent a cease and desist letter to Defendant.

14. Upon information and belief, shortly after the cease and desist letter was sent, Defendant took down its signs reading "Phoenix Hair Salon."

15. Since the signs were taken down, James D. Mirrione believed that this was no longer going to be an issue.

16. Later in or about April 2017, I saw that Defendant had put the "Phoenix Hair Salon" sign back on its storefront.

17. Since in or about March 2017, James D. Mirrione has personally had conversations with many of my clients and friends regarding this issue. James D. Mirrione has received unprompted questions from clients and friends regarding whether James D. Mirrione had moved Salon Phoenix, sold the name, or was relocating.

18. Specifically James D. Mirrione has had clients refer their family and friends to Salon Phoenix. In at least several instances, those referrals went to or called Defendant and not Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

(15 USC §1125(a) a/k/a Section 43(a) of the Lanham Act)

19. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs inclusive, as if more fully set forth herein at length.

20. By and through its actions stated above, Defendants have damages the Plaintiff by, in connection with services, used in commerce the word/term/name "Phoenix Hair Salon" which is a false designation of origin.

21. These actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

22. As a result of the foregoing, Plaintiffs were damaged and injured in a sum in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

(Permanent Injunctive Relief Under 15 USC 1125(c)(1))

23. Plaintiff repeat and reallege each and every allegation contained in the foregoing paragraphs inclusive, as if more fully set forth herein at length.

24. Plaintiff requests permanent injunctive relief under 15 USC 1125(c)(1), permanently enjoining the Defendant from using any name which infringes on Plaintiff's name.

## AS AND FOR A THIRD CAUSE OF ACTION

(Common-Law Unfair Competition Under New York State Law)

25. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs inclusive, as if more fully set forth herein at length.

26. By and through its actions stated above, Defendant has caused confusion with, or have been mistaken for, the plaintiff's services in the mind of the public and are likely to cause such confusion or mistake.

27. The defendant has acted unfairly by using an almost identical name for an identical product, within three (3) blocks of Plaintiff. The bad faith misappropriation of a commercial advantage belonging to the plaintiff by the infringement or dilution of a trademark an

28. As a result of the foregoing, Plaintiffs were damaged and injured in a sum to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs claim judgment against the Defendants as follows:

a. Injunctive relief pursuant to 15 USC 1125(c)(1).

b. Damages under 15 USC 1117 as follows, specifically, Defendant's profits,

5

c.  Damages under 15 USC 1117, specifically, compensatory damages in an amount to be determined at trial.

d.  Costs and attorneys' fees; and

e.  Damages pursuant to New York State common-law.

f.  Such further relief that this Court deems just and proper under the circumstances.

Dated: Brooklyn, New York
October 31, 2017

                                              Respectfully submitted,
                                              **MICHAEL T. CARR, ESQ., PLLC**

By: *Michael T. Carr, Esq.*
                                              MICHAEL T. CARR, ESQ. (CA 8262)
                                              16 Court Street, Suite 2901
                                              Brooklyn, New York 11241
                                              (718) 858 – 0227